**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DARYL R. HEBERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:18-CV-00910-SDJ-KPJ |
| | § | |
| UNUM GROUP d/b/a UNUM GROUP CORPORATION, JEFF MONTAG, MARCUS VEAZY, MATTHEW MCWILLIAMS, RENEE WILLS, TAMMY WEATHERMAN, KELLY PREISZ, and LIZ PUTNAM, | § § § § § § § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions:

1. Defendants Unum Group d/b/a Unum Group Corporation, Jeff Montag, Marcus Veazey, Matthew McWilliams, Renee Wills, Tammy Weatherman, Kelly Preisz, and Liz Putnam's (collectively, "Defendants") Unopposed Motion to Redact Sensitive Information from Report and Recommendation (the "Unopposed Motion") (Dkt. 99); and

2. Defendants' Amended Motion to Redact Sensitive Information and Brief in Support (the "Amended Motion") (Dkt. 106).

Upon consideration, the Court finds that Defendants' Unopposed Motion (Dkt. 99) is **DENIED AS MOOT,** and Defendants' Amended Motion (Dkt. 106) is **GRANTED IN PART** and **DENIED IN PART**, as set forth below.

## I. BACKGROUND

On June 3, 2020, the Court entered a Report and Recommendation (the "Report") (Dkt. 96) regarding Defendants' Motion for Summary Judgment (the "Motion for Summary Judgment") (Dkt. 55) under seal, as the briefing and exhibits attached in support and in opposition

to the Motion were sealed. *See* Dkts. 61, 65, 68, 69. The Court granted Defendants' Motions to Seal (Dkts. 64, 67) the briefs and exhibits regarding the Motion based on the parties' assertion that they contained "highly confidential proprietary business and personal information." *See* Dkts. 66, 69. In considering the Motion for Summary Judgment, wherein the Court reviewed the underlying briefing and exhibits submitted in support thereof, the Court concluded that the pleadings were not properly sealed. Because a presumption of public access applies to judicial records, the Court ordered the parties to designate what cited information in the Report needed to be redacted. *See* Dkt. 97.

On June 10, 2020, pursuant to the Court's Order (Dkt. 97), Plaintiff filed Plaintiff's Proposed Redactions to Magistrate Judge's Report and Recommendation ("Plaintiff's Proposed Redactions") (Dkt. 98), and Defendants filed Defendants' Unopposed Motion (Dkt. 99). In Plaintiff's Proposed Redactions, Plaintiff requested the Court redact a quoted paragraph from Plaintiff's termination letter. *See* Dkt. 98. In Defendants' Unopposed Motion, Defendants requested the Court redact the names of certain individual defendants and non-parties in order to preserve their privacy interests. *See* Dkt. 99 at 5.

On June 29, 2020, the Court held a hearing (the "First Hearing") to discuss with the parties the Court's intent to unseal the Report (Dkt. 96), the parties' briefing on Defendants' Motion for Summary Judgment (Dkt. 55, 61, 65, 68), Defendants' Motion in Limine (Dkts. 76), Defendants' Response to Plaintiff's Motion in Limine (Dkt. 86), and all of the exhibits attached thereto (collectively, the "Relevant Documents"). *See* Docket Entry on June 29, 2020. At the First Hearing, subsequent to discussion regarding the local rules and case law pertaining to this issue, the Court instructed the parties to confer and submit additional briefing specifying any specific information the parties contend should be redacted within the Relevant Documents and to assert a

compelling showing of a particularized need to prevent disclosure for each specific request. *See id.*

On July 13, 2020, Defendants filed their Amended Motion and Plaintiff filed Plaintiff's Additional Briefing as to Sealing or Redaction of Relevant Documents ("Plaintiff's Additional Briefing") (Dkt. 105). In the Amended Motion, Defendants renew their request that the Court redact certain individuals' names in connection with the most sensitive information in the Relevant Documents. *See* Dkt. 106 at 4. Attached to the Amended Motion, Defendants include charts specifying which names and identifying information they contend should be redacted from the Relevant Documents. *See* Dkts. 106-1, 106-2, 106-3, 106-4, 106-5, 106-6, 106-7, 106-8, 106-9, 106-10. In Plaintiff's Additional Proposed Briefing, Plaintiff abandons his original request that the Court redact a quoted paragraph from Plaintiff's termination letter, and instead, argues that nothing in the Relevant Documents should be redacted because much of the sealed information is already publicly available in Plaintiff's Amended Complaint (Dkt. 42). *See* Dkt. 105 at 2, 5.

On July 14, 2020, the Court ordered Defendants to file an expedited response to Plaintiff's argument that the information sought to be redacted is already publicly available. *See* Dkt. 108. On July 21, 2020, Defendants filed their response, arguing the names of certain individuals, as well as sensitive information, is not contained in Plaintiff's Amended Complaint, as the Amended Complaint describes various individuals and events in general terms. *See* Dkt. 109 at 3. On August 21, 2020, the Court held a hearing (the "Second Hearing") to address Defendants' Amended Motion and Plaintiff's Additional Proposed Briefing. *See* Minute Entry on August 21, 2020.

## II.   ANALYSIS

"[B]ased on the nature of democracy and the citizen's desire to keep a watchful eye on the workings of public agencies, there is a presumption that judicial records are to be kept open to the

public." *Williams v. Luminator Holdings, LP*, Case No. 3:12-CV-2975-M, 2012 WL 5878370, at *2 (N.D. Tex. Nov. 21, 2012) (internal quotations omitted). The presumption of public access to judicial records includes court decisions and the filings on which those decisions rest. *See Blue Spike, LLC v. Audible Magic Corporation*, Case No. 6:15-cv-584, 2016 WL 9275966, at *3 (E.D. Tex. May 17, 2016) (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)). If the parties wish to maintain court records under seal, they "must show their rights to confidentiality overcome the strong competing right in public access." *Id*. at *4. Where materials relate to dispositive issues in the case, "the parties must make a compelling showing of a particularized need to prevent disclosure." *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Company*, Case No. 2:15-CV-1202-WCB, 2017 WL 434207, at *2 (E.D. Tex. Feb. 1, 2017). Courts have denied public access to court records when necessary to ensure that those records do not cause "public scandal" or are not used "as sources of business information that might harm a litigant's competitive standing." *Bianco v. Globus Medical, Inc.*, Case No. 2:12-CV-00147-WCB, 2014 WL 3422000, at *1 (E.D. Tex. July 14, 2014) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Ultimately, the decision whether to allow public access to court records is left to the "sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

    The Court finds Defendants have met their burden in establishing that individuals' rights to confidentiality overcome the strong right to public access for some, but not all, of the requested redactions in the Amended Motion. First, some of the evidence in this case involves allegations of sexual harassment and alleged unwanted sexual contact. Redacting individual defendants' and non-parties' names and details of these alleged events when discussing such sensitive topics will allow the public access to information relevant to the Court's decision while protecting the

individual defendants' and non-parties' privacy interests. *See Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ("[W]here the issues involved are matters of highly sensitive and highly personal nature, . . . the normal practice of disclosing any parties' identities yields to a policy of protecting privacy in a very private matter."). Therefore, the Court finds that Defendants' Amended Motion should be granted as to requested redactions involving any allegations of sexual harassment or unwanted sexual contact.

Second, there is evidence in this suit involving names of brokers and brokerages who engage in business with Defendant Unum Group ("Unum"). These brokers and brokerages are not parties to this suit, and their names are not relevant to the claims presented in this case. If their names were not redacted from the record, the documents in this case could harm Unum's competitive standing with these brokers. *See Bianco*, 2014 WL 3422000, at *1. As such, the Court finds that Defendants' Amended Motion should be granted as to Defendants' requests to redact the names of brokers and brokerages.

Lastly, the Court finds that some of the evidence involved in this case should remain redacted in order to avoid "public scandal." *See Bianco*, 2014 WL 3422000, at *1. Upon review of the Amended Motion and its attached exhibits, some of the evidence in this matter pertains to allegations that are not directly relevant to the claims in this suit and would be particularly embarrassing and harmful if revealed to the public. For example, the Court finds that allegations regarding ▮▮▮▮▮▮▮▮▮▮ allegedly hiring a stripper and choking an employee over two decades ago could "promote public scandal" and are not necessary for the public to understand the Court's decisions in this matter. *See id*. Similarly, the Court finds that allegations involving ▮▮▮▮▮▮▮▮ work performance and information identifying non-party ▮▮▮▮▮▮ as the Unum employee nicknamed "FLP" are harmful to the reputations of ▮▮▮

5

and ▮▮▮▮, and not directly relevant to the matters in dispute in this suit. As such, the Court finds that their names and information regarding such allegations should be reacted in order to preserve their privacy interests. *See id.* However, the Court finds no basis on which to redact evidence directly related to the claims in this suit merely because it may cause embarrassment to such individual, such as: evidence that Defendant Tammy Weatherman used the term "FLP" and decorated Plaintiff's office; evidence of Unum employee complaints regarding Wills and discipline of Wills after the investigation that was the subject of this lawsuit; evidence that non-party Allison Noble submitted matching gift forms; evidence that Shirey decorated Plaintiff's office and had a matching gift form submitted on her behalf; and evidence regarding non-party Joyce Lee's decision to resign during the investigation that was the subject of this lawsuit.

### III.   CONCLUSION

Based on the foregoing, the Court finds that Defendants' Unopposed Motion (Dkt. 99) is **DENIED AS MOOT**, and Defendants' Amended Motion (Dkt. 106) is **GRANTED IN PART** and **DENIED IN PART**. The Court grants Defendants' redaction requests that fall into the following categories: (1) any statements involving allegations, whether substantiated or not, of sexual harassment or unwanted sexual contact; (2) the names of brokers or brokerages; and (3) any statements and/or evidence not directly relevant to the claims in this suit that would be particularly embarrassing and harmful if revealed to the public as to cause "public scandal," including those discussed above by the Court. In weighing the interests advanced by Defendants in the Amended Motion and the public's right of access to court proceedings, the Court finds that Defendants have not established a compelling showing of a particularized need to redact for the remaining requests contained in the Amended Motion.

**IT IS THEREFORE ORDERED** that Defendants shall produce to Plaintiff proposed

redacted versions of Dkts. 55, 55-1, 61, 61-1, 61-2, 65, 65-1, 68, and 76, for review in accordance with this Order **by August 28, 2020.**

**IT IS FURTHER ORDERED** that Plaintiff shall have **until September 4, 2020**, to review the redacted documents produced by Defendants and confer as to the proposed redactions. If the parties disagree as to whether a particular redaction complies with this Order, the parties are directed to contact the Court immediately regarding their dispute.

**IT IS FURTHER ORDERED** that Defendants shall file the final redacted documents after conferring with Plaintiff **by September 8, 2020**.

**So ORDERED and SIGNED this 21st day of August, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE